IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

BETTIE LEWIS; AND ALL
OTHERS SIMILARLY SITUATED                                    PLAINTIFFS

VS.                    NO. 2-02-CV-00142 SWW

HUGHES SCHOOL DISTRICT                                       DEFENDANT

### BRIEF IN SUPPORT OF
### DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S
### RESPONSE TO DEFENDANT'S REQUESTS
### FOR PRODUCTION OF DOCUMENTS

The advertising material requested by Defendant is relevant to show bias of Plaintiff and her witnesses, and relevant to the question of Plaintiff Bettie Lewis' credibility. Bettie Lewis claimed at her deposition that she never saw her counsel's advertisements on TV because she doesn't watch TV, then in another portion of her deposition she explained that she had a fear of being fired if she continued with this lawsuit due to something that she saw on TV.

Courts will consider evidence of plaintiff's counsel's solicitation in class actions. *In Re: Oil Shell Refinery* involved wide-spread solicitation by attorneys and many witnesses frustrated and angered by the methods of solicitation. *In Re: Oil Shell Refinery*, 152 F.R.D. 526 (E.D. La. 1989).

Under the Fair Labor Standards Act (FLSA), Section 16(b), a plaintiff must sign a consent in writing before bringing the suit, consequently, the normal FLSA plaintiff is fully aware of the action the plaintiff is bringing. However, this procedure comes into question when you have a plaintiff like Bettie Lewis, who thought she was filing a

37

bankruptcy action as opposed to an FLSA lawsuit. Credibility and bias issues come into play as you try to determine just what it was that got Ms. Lewis so confused in this case.

In the case of Ms. Lewis, her deposition testimony reveals that we have a witness who is either extremely gullible, easily confused or dishonest, and may be testifying as it has been suggested to her that she testify in order to prevail and gain some financial benefit in this lawsuit. Discovery issues must be considered based on the peculiar and particular facts present in each case. In the case at bar, Defendant has shown that the materials requested may lead to the discovery of relevant evidence and are discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure.

Respectfully submitted,

HUCKABAY, MUNSON, ROWLETT & MOORE, P.A.
400 West Capitol, Suite 1900
Little Rock, AR 72201
Telephone:   (501) 374-6535
Facsimile:    (501) 374-5906

By: *Elizabeth Fletcher*
BEVERLY A. ROWLETT, AR Bar No. 77118
ELIZABETH FLETCHER, AR Bar No. 89197

## CERTIFICATE OF SERVICE

I, Elizabeth Fletcher, hereby certify that on this 13th day of June, 2003, the foregoing pleading was mailed to:

Jesse J. Gibson
GIBSON LAW FIRM, PLLC
The Lafayette Building
523 South Louisiana, Suite 226
Little Rock, AR 72201

2

Michael A. Espy
MICHAEL ESPY, PLLC
P.O. Box 24205
Jackson, MS 39225-4205

Marc E. Brand
125 South Congress Street, Suite 101
P.O. Box 3508
Jackson, MS 39201

John B. MacNeill
MacNEILL & BUFFINGTON, P.A.
1080 River Oaks Drive, Suite A-250
River Oaks Office Plaza
Flowood, MS 39232

**VIA HAND DELIVERY**
Thomas S. Stone
Michael R. Johns
Michael G. Smith
DOVER DIXON HORNE, PLLC
425 West Capitol Avenue, Suite 3700
Little Rock, AR 72201

                                                */s/ Elizabeth Fletcher*
                                                ELIZABETH FLETCHER